IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Civil Action No. 7:16-cr-00014 |
| ) | |
| ANTONIO MAURICE PAYNE, ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendant. ) | |

**MEMORANDUM OPINION**

Pending before the court is defendant Antonio Maurice Payne's oral motion in limine, which he made and argued at the pre-trial conference held on October 3, 2016. Payne argues that the court should exclude the evidence referenced in the government's Rule 404(b) notice (Dkt. No. 42, *see also* Dkt. No. 52-1), which pertains to a June 7, 2015 incident involving Mr. Payne, and evidence from a confidential source that is referenced in an ATF report dated September 30, 2016 (Dkt. 52-2). For the reasons set forth below, the court will grant in part and deny in part Payne's motion in limine.

I. BACKGROUND

Payne is charge in a single-count indictment with knowingly possessing a firearm on August 9, 2015, after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). According to the government's proffer of facts, on that date, Payne was a passenger in a vehicle driven by a woman named Cierra Preston. The vehicle failed to stop at a stop sign and police officers attempted to stop the vehicle for the traffic infraction. The vehicle did not stop, however, and so a brief chase ensued. After a relatively short pursuit, the vehicle did stop without further incident. The officers suspected that something may have been thrown from the car, so they retraced the route along which the car had traveled. They recovered a 9mm pistol in

the street along the route. The pistol was scuffed and scratched, which would have been consistent with it being thrown from a car.

Officers advised Payne of his *Miranda* rights, and then showed him the pistol. He acknowledged that the pistol was his, and he admitted throwing it out of the car. It was later determined that the pistol was stolen. Approximately three grams of cocaine were also found in the car.

Payne apparently intends to stipulate at trial that: (1) at the time of the offense, he was a convicted felon who had not had his gun rights restored; (2) the pistol was a firearm, designed to expel a projectile by means of an explosion; and (3) the firearm had moved in interstate or foreign commerce.

The government has given notice of its intent to introduce, under Rule 404(b), evidence of a prior incident involving Payne and a firearm, and evidence by a confidential source tying Payne to both a firearm and the sale of illegal drugs. The first incident occurred on June 7, 2015, approximately two months prior to the charged offense. According to a police report, Payne was a passenger in a car driven by Sierra Banks.[1] When police stopped the vehicle, they found cocaine under Payne's seat, a holster and loaded pistol magazine next to his seat, and an unholstered pistol containing another loaded magazine in the locked glove box in front of him. He had the key to the glove box and had been observed by one of the officers rummaging in the glove box during the traffic stop. Ms. Banks told police that the pistol belonged to her, and no firearms charge was brought against Payne based on that incident. (Dkt. No. 52-1.)

The government has also notified Payne that it intends to introduce the testimony of a confidential informant (CI) to testify about having purchased drugs from Payne and having seen

---

[1] Counsel clarified at the hearing that this is not the same person who was with Payne on the night of the offense, whose name was Cierra Preston.

him with a gun on more than one occasion. Specifically, the CI told agents that, on the date of the offense (August 9, 2015), the CI was out on the street, and the vehicle in which Payne was a passenger drove up next to him. Payne asked the CI if he/she "needed anything," which the CI understood to mean narcotics. The CI's understanding was based, in part, on the fact that he/she had purchased crack cocaine from Payne on approximately 12 or 13 previous occasions, in amounts ranging in price from $10 to $40. On that date, the CI told Payne that he/she was good and that he/she would give him a call. The CI immediately reported that information to a Roanoke City police officer and provided both a description of Payne's vehicle and the direction it was headed. (Dkt. No. 52-2.)

When agents asked him/her whether there had been other occasions where he/she had seen Payne with a firearm, the CI also told agents that a few days prior to the August 9, 2015 incident, he/she was leaning into the same vehicle used in the offense, in order to speak with Payne, and saw a dark-in-color handgun in Payne's lap. The CI also stated that a couple of days after August 9, 2015, he witnessed Payne in public with a revolver in his waistband. The CI further told agents that "it is general knowledge that Payne has a gun on him." (*Id.*)

In its Rule 404(b) notice, the government states that that the June 7, 2015 stop is relevant to show intent, knowledge, plan, and absence of mistake. (Dkt. No. 42.) The United States also argues—and emphasized during oral argument—that it believes all of the events suggest a common scheme or plan by Payne, in which he would get others to drive him around while he sold cocaine, and that he would possess a gun while doing so.

Payne seeks to exclude all of this evidence, arguing that it does not fall within any of the exceptions set forth in Federal Rule of Evidence 404(b)(2), and that, regardless, it should be excluded under Rule 403.

## II. DISCUSSION

### A. Standard of Review

A motion in limine allows the trial court to rule in advance of trial on the admissibility of anticipated evidence. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). The trial court should exclude evidence on a motion in limine only when the evidence "is clearly inadmissible on all potential grounds." *United States v. Verges*, No. 1:13-cr-222, 2014 WL 559573, at *3 (E.D. Va. Feb. 12, 2014). When faced with a motion in limine, though, the court "may reserve judgment until trial so that the motion is placed in the appropriate factual context." *Verges*, 2014 WL 559573, at *3 (citing *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996)). Moreover, even if the trial court does rule on the motion before trial, its decision "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the [factual] proffer." *Luce*, 469 U.S. at 41.

### B. Applicable Rules

The rules of evidence implicated by Payne's motion are Federal Rules of Evidence 401, 402, 403, and 404(b). Rules 401 and 402 address relevancy. Under Rule 402, all "[r]elevant evidence is admissible unless" specifically prohibited by the Constitution, a federal statute, or another evidentiary rule. Fed. R. Evid. 402. Rule 401 defines relevant evidence as having "any tendency to make a fact [of consequence to the determination of the case] more or less probable than it would be without the evidence." Fed. R. Evid. 401.

But even relevant evidence may be excluded under certain circumstances. Rule 403 instructs the trial court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

4

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."
Fed. R. Evid. 403.

Rule 404(b) deals with the admissibility of "other bad acts" evidence. It states in relevant part:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b)(1)–(2). If the government intends to offer evidence under this rule at trial, then it must give the defendant "reasonable notice of the general nature of such evidence" beforehand. Fed. R. Evid. 404(b)(2)(A)–(B).

Rule 404(b) is a rule of inclusion. *United States v. Powers*, 59 F.3d 1460, 1464 (4th Cir. 1995). "It admits all evidence of other crimes (or acts) relevant to an issue in a trial except that which tends to prove only criminal disposition." *United States v. Masters*, 622 F.2d 83, 85 (4th Cir. 1980) (quoting *Weinstein & Berger's Evidence* § 404(8) (1979)). Nevertheless, "[e]vidence admissible under Rule 404(b) must still meet Rule 403's requirement that its prejudicial value not outweigh its probative value." *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996). Accordingly, other-bad-acts evidence is admissible under Rule 404(b) so long as it is (1) relevant to an issue other than character, (2) necessary to prove an element of the charged offense, (3) reliable, and (4) more probative than prejudicial. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997).

Not all other-bad-acts evidence, however, falls within Rule 404(b)'s scope. In particular, the rule does not apply to evidence of other bad acts that are intrinsic (as opposed to extrinsic) to

5

the charged offense. *Chin*, 83 F.3d at 87. Other bad "acts are intrinsic when they are 'inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged.'" *Id.* (quoting *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993)). "[E]vidence is inextricably intertwined with the evidence regarding the charged offense if it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." *Id*. (alteration in original) (quoting *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007)). Though evidence of other bad acts that are intrinsic is not subject to Rule 404(b)'s limitations, such evidence must still satisfy Rule 403's requirement that its prejudicial effect not substantially outweigh its probative value. *United States v. Seabolt*, 554 F. App'x 200, 206 (4th Cir. 2014).

### C. Evidence of the June 7, 2015 Incident

Based on the police report before the court concerning the June 7, 2015 incident, it appears that officers believed that Payne possessed the firearm recovered from the glove box. But, according to the police report itself, it was not recovered from his person, and Payne disclaimed ownership over the gun. Significantly, moreover, the driver of the vehicle claimed ownership of the gun to police. A magistrate judge also declined to charge Payne with any offense related to the firearm. Thus, the evidence, as conveyed in the police report, does not describe a prior instance in which Payne clearly possessed a firearm. Instead, it describes an instance in which Payne was in close proximity to a firearm, but where he denied ownership or possession and someone else claimed such ownership. Thus, any probative value it has is minimal. For all of these reasons, the court concludes that, even if it would otherwise be admissible under Rule 404(b), the prejudicial effect of the evidence outweighs its probative value.

6

The court is well aware that "general prejudice is not enough to warrant exclusion of otherwise relevant, admissible evidence." *Siegel*, 536 F.3d 306, 319 (4th Cir. 2008). Instead, the "evidence must be *unfairly* prejudicial, and the unfair prejudice must *substantially* outweigh the probative value of the evidence." *United States v. Hammoud*, 381 F.3d 316, 341 (4th Cir. 2004). "Evidence is unfairly prejudicial . . . when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *Siegel*, 536 F.3d at 319 (quoting *United States v. Williams,* 445 F.3d 724, 730 (4th Cir. 2006)). The court concludes that this standard is met here. Indeed, allowing evidence of another incident in which Payne may have possessed a gun as a passenger in a car, but did not definitively do so, creates a genuine risk that the jury will base its decision here on an improper ground, rather than on evidence of the charged offense. Accordingly, the court will exclude evidence of this prior incident under Rule 403.

**D. Testimony of the Confidential Informant**

Payne contends that evidence from the CI that he possessed a firearm on other dates, particularly in conjunction with cocaine sales, is inadmissible other-bad-acts evidence under Rule 404(b) because its only purpose is to show that Payne is a drug dealer who possesses a firearm as a tool of the trade. As the court sees it, there are three different aspects of the CI's possible testimony, and the court addresses each separately. These are the CI's testimony that: (1) Payne offered and/or sold the CI drugs, both on the date of the offense and on prior occasions; (2) Payne possessed a firearm on two different occasions within a few days before and after the offense conduct; and (3) it was "general knowledge" that Payne carried a firearm.

7

### 1. Drug sales by Payne to the CI

First, there is the CI's testimony that Payne offered to sell the CI narcotics on the date of the offense and that the CI was the one who called into the police with information about the vehicle in which Payne was riding. Because this evidence relates (at least tangentially) to the crime of conviction, the court considers first whether this evidence is extrinsic evidence that comes within Rule 404(b)'s ambit, or instead, intrinsic to the offense. "Evidence of uncharged conduct is not 'other crimes' evidence subject to Rule 404 if the uncharged conduct 'arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial.'" *Siegel*, 536 F.3d at 316 (alterations in original) (quoting *United States v. Kennedy,* 32 F.3d 876, 885 (4th Cir. 1994)).

The court has considered whether the CI's testimony regarding the events of August 9 is "necessary to complete the story of the crime on trial," but concludes that it is not. Notably, the CI has not reported that he/she saw Payne with a firearm that night. Instead, the CI's testimony regarding the events of that night serve largely to show that Payne was selling drugs on that night, but Payne is not charged in this case with the possession or distribution of drugs. Additionally, although the CI apparently relayed the information to law enforcement that Payne was attempting to sell narcotics, the government does not appear to be relying on the CI's testimony as the basis for the stop of the vehicle in which Payne was riding. Instead, the government's proffer indicates that the stop was conducted based on a traffic violation.[2] Thus, the court concludes this evidence is not "intrinsic" to the offense and must meet the Rule 404(b) criteria to be admissible.

---

[2] In the event the government can show at trial that the CI's testimony about the night of the offense is, in fact, part of the story of the charged crime, the court may reconsider its ruling as to this portion of the CI's testimony.

The court concludes, however, that this type of evidence is not admissible in this case under Rule 404(b). The government suggests that the CI's testimony that Payne sold drugs—both on this occasion and on previous occasions—is part of a common scheme or plan involving drug sales. But, as noted, Payne is not charged with drug trafficking, and this evidence is certainly not necessary to establish an element of the single weapons charge against him. Even in drug trafficking cases, moreover, the Fourth Circuit has recently held that it was error to admit, under Rule 404(b), prior sales of a different drug under different circumstances. *United States v. McBride*, 676 F.3d 385, 399 (4th Cir. 2012). Further, the evidence as applied here seems to be pure propensity-type evidence. Thus, it is not admissible under Rule 404(b).

**2. Payne's possession of a firearm on two other instances in August 2015**

The second portion of the CI's anticipated testimony is that on two separate occasions, close in time to the charged conduct, the CI saw Payne with a firearm. Specifically, a few days prior to the August 9, 2015 incident, he/she observed Payne in a vehicle with a "dark-in-color handgun" in his lap, and, several days later, he/she saw Payne in public with a revolver in his waistband. As to these incidents, the court has carefully considered the evidence and concludes that this evidence of Payne's possession on two other occasions is admissible under Rule 404(b) because it satisfies all four *Queen* factors.

First, it is relevant to an issue other than character and necessary to show an element of the offense, and so the first two factors are satisfied. As the Fourth Circuit has recognized, in a § 922(g) case, possession of other firearms at other times can be admitted under Rule 404(b) because it is relevant to the defendant's *knowingly* and *intentionally* possessing the charged firearms. *See, e.g., United States v. Trent*, 443 F. App'x 860, 863 (4th Cir. 2011) (affirming district court's admission of evidence that the defendant possessed uncharged firearms three and

9

four years prior where, like the case before it, the defendant fled from the police in his vehicle and tried to dispose of those handguns); *United States v. Comstock*, 412 F. App'x 619, 624 (4th Cir. 2011) (affirming Rule 404(b) admission of video of defendant walking around with at least one hunting rifle in felon-in-possession case, where he argued that he did not have knowledge of pistols in the trunk of his car); *United States v. Brown*, 398 F. App'x 915, 917 (4th Cir. 2010) (per curiam) (concluding that evidence of the defendant's prior possession of firearms was admissible and probative as to his intent to exercise dominion and control over firearm in case where government sought to prove constructive possession under § 922(g)); *United States v. McDonald*, 211 F. App'x 222, 225 (4th Cir. 2007) (per curiam) (holding that evidence that defendant "had previously been arrested for the possession of a firearm was relevant to his knowledge and intent to possess the handgun recovered here"). *Cf. United States v. Byers*, 649 F.3d 197, 208–09 (4th Cir. 2011) (ruling that testimony that defendant committed a shooting two years prior to the charged conduct was admissible as relevant and necessary to establishing motive, identity, and an intertwined scheme). *But see United States v. Tate*, 715 F.2d 864, 865–66 (4th Cir. 1983) (concluding, in case where the defendant was driving his wife's car and two pistols were discovered in the trunk, that the government could not introduce evidence under Rule 404(b) that witnesses had previously seen him in possession of a different pistol).

      As to the second *Queen* factor—other bad acts are necessary to prove an element of the offense—the *Queen* court explained that the court must consider the evidence in "light of other evidence available to the government." 132 F.3d at 997. Thus, "as the quantum of other non-Rule 404(b) evidence available to prove an issue unrelated to character increases, the need for the Rule 404(b) evidence decreases." *Byers*, 649 F.3d at 209. Here, based on the government's representations, there is a post-*Miranda* confession by Payne that the firearm was his and that he
10

threw it from the car. So, there is already some strong evidence supporting his *knowing* and *voluntary* possession. But additional witness testimony is likely to strengthen the government's case, and the court cannot say, at this point, that such additional evidence is unnecessary under the second *Queen* factor. In the event that, at trial, there is ample non-Rule 404(b) evidence as to his knowing and voluntary possession, the court may limit this evidence. But at this point, the court concludes that, overall, the evidence of other possessions still satisfies the second *Queen* factor.

Defense counsel argued at the hearing, though, that this evidence might be necessary or relevant in a case where the defendant is taking the position that his possession was not knowing or voluntary, offering as an example a defendant who contends he was wearing someone else's coat and did not know there was a gun in the coat pocket. Here, the argument continued, Payne has not asserted any such defense. But counsel's argument ignores the fact that "a defendant's plea of not guilty places at issue all elements of the charged crimes," including intent and knowledge. *See United States v. McBride,* 676 F.3d 385, 398 (4th Cir. 2012); *see also United States v. Robinson,* 13 F. App'x 193, 194 (4th Cir. 2001) ("Robinson's not guilty plea placed his intent to conspire to steal and possess firearms and ammunition at issue . . . ."); *United States v. Sanchez,* 118 F.3d 192, 196 (4th Cir. 1997) ("A not-guilty plea puts one's intent at issue and thereby makes relevant evidence of similar prior crimes when that evidence proves criminal intent."). Evidence that Payne possessed firearms on other occasions after he was a felon, therefore, qualifies as necessary, under *Queen*'s second prong, to show intent and knowledge. *See also Trent,* 443 F. App'x at 862–63 (holding that evidence of prior firearm possession was necessary to show defendant's state of mind with respect to handgun discovered in defendant's vehicle).

11

As to the third *Queen* factor—the reliability of the evidence, it is difficult to assess reliability of such evidence prior to trial, and Payne has not presented any specific challenges to reliability, other than referring to the CI as a drug user. The court does not know the identity of the CI, but his/her testimony appears to be based on personal knowledge and observations of Payne. So, there is nothing before the court at this point that seriously calls into question the reliability of such evidence for Rule 404(b) purposes. Nonetheless, to the extent it becomes necessary to address the reliability component of the evidence at trial, the court can do so at that time. For now, assuming that reliability can be established, the court concludes that the evidence is admissible as Rule 404(b) evidence.

Turning to the fourth *Queen* factor, which incorporates Rule 403's requirement that the probative value of such evidence outweigh any prejudicial effect, the court concludes that the evidence that Payne possessed firearms in the days before or days after this offense meets that criterion, as well. Again, there will already be evidence before the jury that Payne admitted to possessing a firearm, and the prior or subsequent acts of possession are not "any more sensational or disturbing than" the charged crimes. *See Boyd*, 53 F.3d 631, 637 (4th Cir. 1995). Further, the court is aware of the Fourth Circuit's admonition that "the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996). Thus, the court will allow the testimony by the CI regarding Payne's possession of firearms in the days leading up to and days after the charged offense.

The court cautions, though, that the CI will not be permitted to testify that he was engaged in drug transactions with Payne at the time, nor that he had bought drugs from Payne in the past. As discussed above, the fact that Payne sold drugs on other occasions does not satisfy

the Rule 404(b) elements, and it is more prejudicial than probative. *See McBride*, 676 F.3d at 399. Further, the court finds that the CI certainly could be asked to testify about the fact that Payne was armed without referencing Payne's involvement in drugs or drug trafficking. Thus, the CI will be permitted to testify at trial that he/she observed Payne with a firearm, but not that Payne was selling him/her drugs at the time.

### 3. "General knowledge" of Payne's firearm possession

The third and last portion of the CI's testimony that Payne challenges is the CI's testimony that it was "general knowledge" that Payne carries a gun. As to this testimony, the government has not set forth any basis on which this statement would be admissible. Further, it appears to the court that the testimony is not based on the personal knowledge of the witness. Allowing the testimony would effectively be allowing the CI to testify about what other people supposedly know. Thus, absent some argument by the government as to why it would be admissible, the court agrees that this portion of the CI's testimony should be excluded.

### III. CONCLUSION

For the reasons stated above, and consistent with the limitations discussed above, the court will grant in part and deny in part Payne's oral motion in limine. An appropriate order will be entered.

Entered: October 4, 2016.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge